45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Floyd SCOTT, Plaintiff-Appellant,
v.
A. GOLD, Correctional Officer; J. Hicks, M.T.A.,
Defendants-Appellees.
 No. 94-15245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1994.*
Decided Dec. 21, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 California state prisoner Floyd Scott appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. Sec. 1983 action, alleging that he was denied medical care for a serious medical condition in violation of the Eighth Amendment. Scott contends that the district court erred by finding that (1) his sinus problem was not a serious medical condition, and (2) defendants were not deliberately indifferent to his medical needs. We affirm.
 
 
 4
 Scott submitted medical records showing that he had been prescribed medication for his sinus problem. He asserts that this fact proves that his medical condition is serious. We disagree. Medical records submitted by defendants show that Hicks examined Scott and noted that, despite his symptoms, he showed no signs of acute distress. Defendants also presented evidence that Scott suffers only from hayfever, and that delay of medication for two to three weeks would not cause him any harm. Viewing the evidence in the light most favorable to Scott, there is no genuine issue of material fact as to whether Scott suffers from a serious medical condition. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) ("A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.").
 
 
 5
 Scott also failed to raise a triable issue of fact as to whether defendants were deliberately indifferent to his medical needs. Scott did not dispute that he eventually received medical treatment. Nor did he allege that his health was jeopardized by the alleged delay. The record shows at worst, that defendants may have been negligent by delaying the eventual distribution of sinus medication to Scott. Mere delay in medical treatment, however, does not violate the Eighth Amendment unless it causes substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Likewise, mere negligence does not rise to the level of a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Wood, 900 F.2d at 1334. The district court did not err by granting summary judgment in favor of defendants.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3